■ In the Matter of the Claim of MARY J. MOON, Respondent, against LILLIAN GREENBERG, Doing Business as MAPLESHADE HOTEL, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and her insurance carrier from an award of disability compensation made by the Workmen's Compensation Board. The employer operated a summer hotel at Monticello, New York, and claimant was employed there as a governess. She received accidental injuries when she fell into the water from a diving board in a private lake on the hotel grounds. The only issue raised on appeal is whether claimant was employed in connection with the operation of the hotel, or whether she was employed as a personal employee of the hotel owner. The board found she was employed as a governess to care for the children of the guests of the hotel as well as the children of the hotel owner. The evidence was conflicting on this issue and clearly presented a question of fact. It cannot be said as a matter of law that there was no substantial evidence to sustain the finding of the board. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ In the Matter of the Claim of CHARLES MORANO, Respondent, against MARINE BASIN Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions and award of the Workmen's Compensation Board. Claimant, employed as a ship fitter, sustained an injury on March 23, 1951 when a steel plate weighing 150 to 200 pounds was dropped on his left foot. Claimant had been suffering from diabetes and from an impairment in circulation related to that disease. He suffered difficulty with the left foot after the accident and in September, 1952, it was necessary to amputate the left lower limb due to the development of gangrene. There is a sharp dispute in the medical testimony on the causal association between the accident and the physical condition requiring amputation. It is pointed out, for example, that the site of the ulcer which developed into gangrene was not on the same part of the foot where the steel plate had fallen, but was on the heel. There is medical opinion, however, that the circulatory system supplying the heel could be adversely affected by the injury to another part of the foot and that the injured part of the foot is supplied by " the same vessels which ultimately go down towards the lateral part of that heel ". It is not disputed that diabetes played a large part in the claimant's condition which required amputation, but there is sufficient proof of aggravation of the disease and relationship of this to the accident to sustain the board's findings. Award affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.